UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
STEVEN LEVINE and CARMEN FERMAINT,

                Plaintiffs,

-against-

PEGASUS STAR LIMITADA, et. al,

                Defendants.
----------------------------------------------------------- x

**REPORT AND RECOMMENDATION**
14 CV 7151 (RJD) (CLP)

*[Handwritten: 5/25/17 — No objections filed. I adopt the recommendation of Judge Pollak without reservation. Complaint dismissed. Clerk will close case. To refund. S/ Raymond J. Dearie]*

*[Stamp: FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ MAY 25 2017 ★ BROOKLYN OFFICE]*

**POLLAK, United States Magistrate Judge:**

On December 8, 2014, Steven Levine and Carmen Fermaint (collectively, "plaintiffs"), commenced this action against defendants Pegasus Star Limitada ("Pegasus"), Centam Partners, LLC ("Centam"), UTA Capital, LLC ("UTA"), Ed Sklar, David Matluck, Michael Starkey, Brian Albury, and Edwin Acosta Gutierrez[1] (collectively, "defendants"), raising claims of fraud and breach of contract based on defendants' conduct relating to the sale of property in Costa Rica. After plaintiff Steven Levine passed away, the Court granted a motion on December 7, 2015 to substitute plaintiff Carmen Fermaint for plaintiff Levine. On April 21, 2016, plaintiff Fermaint filed a letter stating that the parties had settled the claims against defendants UTA, Ed Sklar, and David Matluck.

On July 28, 2016, plaintiff filed a letter request asking the court to approve a "consent judgment" against defendant Pegasus on the grounds that the corporation was in default, and was now defunct and without assets. Plaintiff stated that the judgment was being sought "for tax purposes."

---

[1] The Court notes that the docket sheet spells the defendant's last name as "Gutterrez," but the Complaint spells the name as "Guiterrez." Since both versions appear to be misspelled, the Court has spelled the name as "Gutierrez."

On December 7, 2016, the Honorable Raymond J. Dearie issued an Order denying plaintiff's request to enter judgment against Pegasus "without prejudice to a formal motion for default judgment," because plaintiff had not filed the appropriate supporting papers nor taken the necessary steps to perfect a motion for default judgment. Since that December 7th Order, it does not appear that plaintiff has taken any further steps to file an appropriate motion for default judgment.

Instead, on March 16, 2017, in response to this Court's request for a status report, plaintiff's counsel filed a letter simply reiterating plaintiff's request for an entry of judgment against Pegasus.[2] The district judge has already denied plaintiff's earlier request to enter judgment against Pegasus without prejudice to plaintiff filing a proper motion for default judgment. In the absence of a proper motion and an inquest hearing, the court simply cannot enter an order of judgment against Pegasus.

On March 17, 2017, this Court Ordered that by March 31, 2017, if plaintiff failed to comply with Judge Dearie's December 7, 2016 Order requiring her to file a proper motion for default judgment, "accompanied by proofs of service, the Clerk's notation of default and accompanying documentation in accordance with the Local Rules and Federal Rules of Civil Procedure," then this Court would recommend that the claims against Pegasus be dismissed for failure to prosecute and the case be closed.

As of the date of this Order, plaintiff still has not filed a proper motion for default judgment against Pegasus.

---

[2] In her March 16, 2017 status report, plaintiff also indicated that defendant Centam, like Pegasus, was no longer in existence and had not answered the Complaint. Since then, plaintiff has not pursued any action against Centam.

## DISCUSSION

Under Rule 41 of the Federal Rules of Civil Procedure, courts have the power to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute. Simmons v. Abuzzo, 49 F.3d 83, 87 (2d Cir. 1995). A dismissal for failure to prosecute may be ordered sua sponte. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (noting that "[a]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute"); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives." Robinson v. Sposato, No. 13 CV 3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014). In considering whether to dismiss an action, courts in this district consider five factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). No one factor is dispositive in making this determination. See Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009).

Here, the Baffa factors weigh in favor of dismissal. Plaintiff failed to comply with Judge Dearie's December 7, 2016 directive to file a proper motion for default judgment against Pegasus in accordance with the Federal Rules. More than four months have passed since the date of that

Order and all that plaintiff has done is file a similar letter request without the required supporting documentation.

In addition, plaintiff failed to timely submit several status reports in accordance with the deadlines set by this Court. On February 14, 2017, after plaintiff had filed the stipulations of discontinuance as to defendants UTA, Ed Sklar, and David Matluck, this Court Ordered plaintiff to file a status letter by March 14, 2017 indicating how plaintiff planned to proceed with respect to the remaining defendants. Plaintiff belatedly submitted a status letter on March 16, 2017. Thereafter, this Court Ordered plaintiff to file a proper motion for default judgment against Pegasus by March 31, 2017. Plaintiff once again failed to meet this Court's deadline, despite the Court's explicit warning that failure to comply might result in a recommendation that the claims against Pegasus be dismissed and the case against Pegasus be closed. Moreover, despite settling the claims against defendants UTA, Sklar, and Matluck in February, plaintiff has taken no further steps to pursue the claims against the remaining individual defendants, Starkey,[3] Albury,[4] and Gutierrez.[5]

Given the posture of this case, the prejudice to plaintiff that would be caused by dismissal for failure to prosecute is minimal. Plaintiff has already settled her claims against three of the

---

[3] In her March 16, 2017 status report, plaintiff indicated that defendant Michael Starkey would likely be discharged from the case because Mr. Starkey had filed for bankruptcy and plaintiff's claims against Mr. Starkey had been added to the ongoing bankruptcy proceedings.

[4] During a telephone conference on March 25, 2016, the Court was informed that defendant Brian Albury had filed for bankruptcy and thereafter, stayed all proceedings against Albury.

[5] Although defendant Gutierrez has also failed to respond to the Complaint, plaintiff has not sought a default judgment against him.

4

defendants in this case. In her March 16, 2017 status letter, plaintiff's counsel noted that although Pegasus is no longer in existence and is believed to be defunct, plaintiff would seek a default judgment against Pegasus "for tax purposes." (Pl.'s 3/16/17 Ltr. at 1). Therefore, the Court finds that the potential prejudice to plaintiff that would be caused by the dismissal of her claims against Pegasus would be minimal, given Pegasus's defunct status. With respect to the other individual defendants, it is unclear whether they may be judgment proof at this time, rendering further pursuit of plaintiff's claims fruitless.

## CONCLUSION

In light of the foregoing, the Court respectfully recommends that plaintiff's case against Pegasus be dismissed for failure to prosecute. It is further recommended that, unless plaintiff submits a letter by May 15, 2017 indicating that she intends to pursue her claims against the remaining individual defendants, the claims against them also be dismissed and the case closed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report & Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

SO ORDERED.

Dated: Brooklyn, New York
May 3, 2017

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

5